# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| HENRY PIERCE PAYNE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-483 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Movant Henry Payne seeks to vacate his federal criminal sentence in this action brought under 28 U.S.C. § 2255.  Now before the Court is Payne's motion for appointment of counsel. ECF No. 2.  Payne's only statement in support of his motion is that he needs counsel "so all said facts can be filled."  *Id.* at 1.  For the reasons discussed below, Payne's motion will be denied.

There is neither a statutory nor constitutional right to appointed counsel in proceedings pursuant to 28 U.S.C. § 2255.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (rejecting suggestions that a right to counsel on discretionary appeals be established, and explaining "that the right to appointed counsel extends to the first appeal of right, and no further"); *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964) (stating that "a federal convict filing a motion under § 2255 is not entitled, as a matter of constitutional right, to have court-appointed counsel in the preparation and presentation of such a motion in the District Court or the Court of Appeals"). Rather, the Court may appoint counsel in a § 2255 case if the interests of justice so require.  *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating it has never "been held that there is a constitutional right to counsel in a habeas action," and that appointment of counsel is reviewed "for abuse of discretion").

However, if the Court conducts an evidentiary hearing, the interests of justice require the appointment of counsel.  Rule 8(c) of the Rules Governing § 2255 Proceedings for the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A"); *Green v. United States*, 262 F.3d 715, 716 (8th Cir. 2001) (determining that it was error for the district court to deny movant counsel when it held an evidentiary hearing).

In this case, Respondent has not yet answered and no evidentiary hearing has been scheduled.  Movant Payne's motion for appointment will be denied without prejudice, subject to refiling at a later date if and when an evidentiary hearing is scheduled.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Henry Pierce Payne's motion for appointment of counsel [ECF No. 2] is **DENIED** without prejudice.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of April, 2024.

2