**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HENRY PIERCE PAYNE,                 ) | |
|                             ) | |
|       Movant,                 ) | |
| v.                                  ) | Case No. 4:24-CV-00483-SEP |
|                             ) | |
| UNITED STATES,                 ) | |
|                             ) | |
|       Respondent.           ) | |

## MEMORANDUM AND ORDER

Before the Court is Movant Henry Pierce Payne's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. [1]. The issues are fully briefed. For the reasons set forth below, the Motion is denied.

### FACTS

In January 2023, Movant pled guilty pursuant to a written plea agreement to three counts of a six-count indictment: conspiracy to distribute and possess with intent to distribute actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count II); possession with intent to distribute 50 or more grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count III); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Count V). *See United States v. Payne*, No. 4:22-CR-00073-SEP (E.D. Mo. Apr. 27, 2023) (Crim. Doc.), Doc. [210] at 4.

The parties jointly agreed that Movant may be subject to a mandatory minimum sentence of 15 years pursuant to 18 U.S.C. § 924(e), otherwise known as the Armed Career Criminal Act (ACCA). Crim. Doc. [185] at 5. Movant pled guilty with full knowledge of this possibility, stated that he had discussed this possibility with his counsel, and acknowledged that he would not be able to withdraw his guilty plea if the Court applied the ACCA enhancement to his sentence. *Id.* at 6. Movant agreed to waive his rights to appeal all non-jurisdictional, nonsentencing issues, including "issues relating to pretrial motions, discovery and the guilty plea, [and] the constitutionality of the statute(s) to which [Movant pled guilty]." *Id.* at 8. Movant waived "all rights to contest the conviction or sentence in

any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.*  Finally, Movant agreed that he was satisfied with the performance of counsel and that he had knowingly and voluntarily entered into both the plea agreement and the guilty plea. *Id.* at 11-12.

During the plea hearing, Movant stated under oath that he was satisfied with counsel's representation and that he had discussed the plea agreement with counsel.  Crim. Doc. [266] at 6, 8.  The Court explained that the maximum penalty for Count V was up to ten years' imprisonment, a fine of no more than $250,000, or both, and that the Court may impose a period of supervised release up to three years. *Id.* at 14.  The Court asked whether Movant understood that, in certain situations under ACCA, he "may be subject to a mandatory minimum sentence of 15 years and a maximum sentence greater than described above," and Movant confirmed that he understood. *Id.*  Movant also acknowledged that by pleading guilty, he was waiving his rights to appeal his sentence and post-conviction matters, except for claims of ineffective assistance of counsel or prosecutorial misconduct. *Id.* at 17.  At the sentencing hearing, the Court applied the ACCA enhancement to Movant's charges given Movant's criminal history and sentenced Movant to 180 months' imprisonment.  Crim. Doc. [268] at 4.  Movant did not directly appeal his sentence.  In March of 2024, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  Doc. [1].

### LEGAL STANDARD

Section 2255 of Title 28 provides a "postconviction remedy for federal prisoners." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023), and states as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  To obtain relief under § 2255, the movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in

2

a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims, including those concerning constitutional and jurisdictional issues, that a defendant does not raise on direct appeal cannot subsequently be raised in a § 2255 motion unless the movant establishes: "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception exists to prevent movants from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id.*

If the movant's claims are not procedurally barred, "[a] prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The Eighth Circuit has explained that a § 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.*

## DISCUSSION

Movant raises three grounds in his § 2255 Motion to Vacate: (1) counsel provided ineffective assistance by failing to inform Movant of a possible sentence enhancement under ACCA; (2) 18 U.S.C. § 922(g)(1), the statutory basis for Movant's conviction in Count V, is unconstitutional; and (3) it is unconstitutional to consider a defendant's past criminal history in determining whether to apply the ACCA enhancement if the defendant has completed his sentence for those charges.[1] Doc. [1] at 4-5, 7.

---

[1] In Ground 4, Movant claims that his sentence was illegal and unconstitutionally vague based on Grounds 2-3. Doc. [1] at 9. Movant offers no support for that claim. For the reasons set forth in the Court's discussion of Grounds 2-3, Ground 4 is summarily denied.

**I.** **Movant has not shown that counsel provided ineffective assistance by failing to inform him of a possible sentencing enhancement under ACCA.**

In Ground 1, Movant asserts that counsel provided ineffective assistance by failing to advise him of the possibility that he could be subject to a 15-year mandatory minimum sentence pursuant to ACCA. Doc. [1] at 4. Claims of ineffective assistance of counsel require a movant to show "both that his attorney's performance 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). To show that counsel's performance was deficient, a movant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment [to the United States Constitution]." *Anderson v. United States*, 393 F.3d 749, 753 (8th Cir. 2005) (alteration in original) (quoting *Strickland*, 466 U.S. at 687). To demonstrate prejudice in the context of a guilty plea, a movant "must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez*, 929 F.3d at 1044-45 (citation modified).

Because of the difficulties inherent in evaluating an attorney's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez*, 929 F.3d at 1045 (quoting *Lee v. United States*, 582 U.S. 357, 369 (2017)). Instead, courts should "look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted); *see also United States v. Brown*, 331 F.3d 591, 595 (8th Cir. 2003) ("We have held that facts gathered from the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a

4

colloquy between the defendant and the district court, and the stipulated facts before the district court, are sufficient to find a factual basis for a guilty plea." (citation modified)). "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

The record establishes that Movant had notice of the possibility of a 15-year mandatory minimum sentence under ACCA. Not only did Movant acknowledge that possibility in his plea agreement, Crim. Doc. [185] at 5-6, but the Court also informed him of it during his plea colloquy, Crim. Doc. [266] at 14. Thus, even if counsel failed to inform Movant that his sentence may be enhanced under ACCA, the record establishes that Movant was notified of that possibility. Because Movant cannot show prejudice, his Ground 1 fails.

## II. <u>Movant knowingly and voluntarily waived his right to contest his conviction or sentence in a § 2255 proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel.</u>

"As a general rule, a defendant is allowed to waive appellate rights." *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). The Eighth Circuit has found "no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). When reviewing a waiver of appellate rights, the Eighth Circuit looks to whether the "appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *United States v. Griffin*, 668 F.3d 987, 990 (8th Cir. 2012) (citing *Andis*, 333 F.3d at 889-90). A knowing and voluntary waiver will not be enforced "where to do so would result in a miscarriage of justice." *Id.* "[T]he 'miscarriage of justice' exception is a narrow one that may arise in only limited contexts." *United States v. Sisco*, 576 F.3d 791, 796 (8th Cir. 2009) (citing *Andis*, 333 F.3d at 891-92). Although the Eighth Circuit has not provided an exhaustive list of what falls under the miscarriage of justice exception, it has "recognized it for challenges to an illegal sentence, to a sentence that violates the terms of an agreement, and where ineffective assistance of counsel rendered the appeal waiver itself unknowing and involuntary." *United States v. Williams*, 81 F.4th 835, 840 (8th Cir. 2023) (citing *Andis*, 333 F.3d at 891).

In Grounds 2 and 3, Movant challenges the constitutionality of § 922(g)(1) and ACCA. These claims fall within the scope of Movant's waiver of appellate rights. In the plea agreement, Movant agreed to waive his rights to appeal all non-jurisdictional, nonsentencing issues, including "issues relating to pretrial motions, discovery and the guilty plea, [and] the *constitutionality* of the statute(s) to which [Movant pled guilty]." Crim. Doc. [185] at 8 (emphasis added). And Movant knowingly and voluntarily entered into both the waiver and the plea agreement. *Id.* at 12. During the plea hearing, Movant stated under oath that he had not been pressured or threatened to enter the plea agreement and that he had discussed the plea agreement with his counsel before signing. Crim. Doc. [266] at 8. Movant also affirmed his understanding that by pleading guilty, he was waiving his right to appeal matters in his sentence and post-conviction proceedings, except for claims of ineffective assistance of counsel or prosecutorial misconduct. *Id.* at 17.

Finally, enforcing Movant's waiver would not result in a miscarriage of justice. None of the previously recognized exceptions in the Eighth Circuit applies, as Movant questions the constitutionality of the two statutory provisions underlying his guilty plea and sentence. Nor does Movant provide any basis for extending the exception. Movant does not provide any citations to legal authority or other reasoning as to why § 922(g)(1) and ACCA are unconstitutional. When there is no meaningful argument presented in a brief, the claim is waived. *See United States v. Shelledy*, 961 F.3d 1014, 1023 (8th Cir. 2020); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

Even if Movant offered more legal authority in support of his claim, Eighth Circuit precedent does not suggest that these statutory provisions are unconstitutional facially or as applied to Movant. The Eighth Circuit has held that "[t]he longstanding prohibition on possession of firearms by felons is constitutional." *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024); *United States v. Jackson*, 110 F.4th 1120, 1125-26 (8th Cir. 2024). And the Court has found no authority suggesting that ACCA is unconstitutional as applied to Movant.[2] Thus, enforcing Movant's waiver of his right to contest constitutional issues in this § 2255 proceeding will not result in a miscarriage of justice.

---

[2] In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held that 18 U.S.C. § 924(e)(2)(B)(ii), otherwise known as the residual clause, is unconstitutionally vague. The record establishes that the residual clause was not the basis for Movant's ACCA enhancement. *See* Crim. Doc. [210] at 18, 22-23.

### CONCLUSION

For the foregoing reasons, the Court concludes that Movant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence must be denied in all respects.  Because the Court finds that the motion and the record conclusively show that Movant is not entitled to relief, no evidentiary hearing will be necessary.  *See Engelen*, 68 F.3d at 240.  Further, no certificate of appealability shall issue because the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Compel for 2255 Relief, Doc. [14], is **DENIED**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue.

Dated this 6th day of July, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

7